IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TIM JORDAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-265 |
| § | |
| SHELL OFFSHORE INC., HELMERICH & § | |
| PAYNE INTERNATIONAL § | |
| DRILLING, CO., HELMERICH & § | |
| PAYNE, INC., & URSA TLP HP #204 § | |
| § | |
| Defendants. § | |

**ORDER REQUESTING PLAINTIFF TO SUPPLY ADDITIONAL BRIEFING**

Plaintiff Tim Jordan ("Plaintiff") brings this action against Defendants Shell Offshore, Inc. ("Shell"), Helmerich & Payne International Drilling Co. ("Helmerich International"), and Helmerich & Payne, Inc. ("Helmerich") for personal injuries allegedly occurring on or about February 21, 2006 while Plaintiff was working on a platform or vessel owned by Shell. Defendants filed their Joint Motion to Transfer Venue, requesting a transfer to the Eastern District of Louisiana. Plaintiff filed a timely Response thereto, opposing the transfer, and Defendants filed a Reply. For the reasons stated below, the Court **ORDERS** Plaintiff to supply the Court with additional information regarding the matters outlined below within seven days of this Order.

**I. Background**

Plaintiff, a resident of Louisiana, was allegedly injured while in the employ of Helmerich International on or about February 21, 2006. Plaintiff claims that he endured injuries to his shoulder, elbow, and other parts of his body because Shell improperly stored its mud tanks, which required

1

movement. In Plaintiff's Complaint, he alleges he was injured on URSA TLP HP #204, which Plaintiff claims is a drilling rig vessel. Defendant claims that the "vessel" upon which Plaintiff was allegedly injured in is reality a fixed tension leg platform that has been attached to the subsoil and seabed on the Outer Continental Shelf in Mississippi Canyon 809 since 1999. Defendant further claims that URSA TLP HP #204 is located off of the coast of Louisiana. Plaintiff claims that Mississippi Canyon 809 "appears to be in Mississippi, and not Louisiana, waters." (Pl.'s Resp. in Opp'n to Def.'s Joint Mot. to Transfer Venue 4.)

**II. Analysis**

As the Parties are well aware, the Court must take several factors into consideration when it is determining whether a Motion to Transfer Venue is proper. The Court bears the responsibility of weighing these factors, and it must therefore have adequate briefing on each factor. The factors are (1) the availability and convenience of witnesses and parties; (2) the location of books and records; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; (5) the possibility of delay and prejudice if transfer is granted; and (6) the plaintiff's choice of forum, which is entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992).

*A. Vessel and Seaman Status*

Key witnesses are, of course, essential to the just resolution of this lawsuit. In the instant case, Defendants lists several witnesses who live within the Eastern District of Louisiana or its subpoena range, and they have provided the Court with a brief synopsis of each witness's testimony. The Court

agrees that the testimony of at least some of these witnesses will be essential for Defendants' case.

Defendants claim that these witnesses, who are not Texas residents, are employed by Helmerich International. Thus, while Helmerich International can compel their testimony, Shell cannot. Because Defendants claim that the injury occurred on a vessel, Defendants assert that Plaintiff is not a seaman and will not be able to assert Jones Act claims against his employer. Therefore, if Defendants' assertions are correct, Helmerich International will not continue to be a Defendant in this lawsuit.

The Court finds Defendants' allegations regarding this matter to be reasonable, and requests that Plaintiff provide the Court with briefing as to whether URSA TLP HP #204 is a platform or vessel and whether Helmerich International should remain as a party in this lawsuit. The Court **ORDERS** Plaintiff to provide this briefing within seven days of this Order.

*B. Location of URSA TLP HP #204*

The location of the alleged accident is an important factor in a Motion to Transfer Venue analysis. Plaintiff alleges that URSA TLP HP #204 is a vessel and that it appears to be located off the coast of Mississippi. Defendant provided the Court with an affidavit from a civil engineer stating that URSA TLP HP #204 is located off the coast of Louisiana. (Defs.'s Ex. D.) Defendant also cites a case in which the Eastern District of Louisiana stated that URSA TLP HP #204 is located off of the coast of Louisiana. *See Ronquille v. MMR Offshore Servs., Inc.*, 353 F. Supp. 2d 680, 681 n.3 (E.D. La. 2004). Plaintiff merely provides the Court with a conclusory statement that URSA TLP HP #204 "appears to be in Mississippi . . . waters." The Court, of course, cannot base its determination as to whether the alleged accident occurred in Louisiana or Mississippi on such a conclusory allegation.

Therefore, the Court **ORDERS** Plaintiff to provide it with more information regarding his allegation as to the location of the Platform within seven days.

### III. Conclusion

For the reasons stated above, the Court **ORDERS** Plaintiff to provide additional briefing regarding the location of the alleged accident and whether Plaintiff is a seaman within seven days of the date of this Order. The Court further **ORDERS** Plaintiff to provide it with additional briefing regarding whether Helmerich International should remain a party to this lawsuit. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 13th day of November, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge