UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 01 2007

Michael N. Milby, Clerk of Court

TIM JORDAN, §
§
Plaintiff, §
VS. § CIVIL ACTION NO. G-06-265
§
SHELL OIL COMPANY, *et al*, §
§
Defendant. §

**COURT'S INSTRUCTIONS TO THE JURY**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the Instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one Instruction alone as stating the law, but must consider the Instructions as a whole. Neither are you to be concerned with the wisdom of any rule stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a Verdict upon any view of the law other than that given in the Instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a Verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just Verdict regardless of the consequences.

## I. BASIC INSTRUCTIONS

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a Court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his or her acts and declarations made while acting within the scope of his or her authority delegated to him or to her by the corporation, or within the scope of his or her duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Now, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which

reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness' testimony as to facts within that person's personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his or her relationship to the Plaintiffs or to the Defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has testified by deposition, or has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an exert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, of if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In a civil action such as this, each party asserting a theory of claim or defense, as hereafter described, has the burden of proving every essential element of that claim or defense by "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces

in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim or defense by a "preponderance of the evidence" merely means to prove that the claim or defense is more likely so than not so.

If a preponderance of the evidence does not support each essential element of a claim or defense, then the jury should find against the party having the burden of proof as to that claim or defense.

## II. SPECIFIC LAW APPLICABLE TO THIS CASE

### A. DEFINITION OF A VESSEL

A "vessel" is any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment. A watercraft is not capable of being used for maritime transport in any meaningful sense if it has been permanently moored or otherwise rendered practically incapable of transportation or movement, even if that watercraft was towed to its present location. A watercraft may still be considered a "vessel" even if it is totally incapable of self-propulsion. A watercraft may be a "vessel" only if its use as a means of transportation on water is a practical possibility, not merely a theoretical one. A watercraft is not necessarily a vessel even though it may be required to employ certain Coast Guard certified personnel.

### B. JONES ACT NEGLIGENCE

Tim Jordan contends that he is a Seaman under the Jones Act. As such, under the Jones Act, the plaintiff Tim Jordan must prove that his employer, Helmerich & Payne, was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's

negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if Helmerich & Payne's negligent act caused the plaintiff's injury, in whole or in part, then you must find that Helmerich & Payne is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers or seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his job.

If you find from a preponderance of the evidence that Helmerich & Payne assigned the plaintiff to perform a task without adequate equipment, you must find that Helmerich & Payne was negligent.

**C. INDEPENDENT CONTRACTOR**

A principal, such as Shell, which has hired an independent contractor to perform work pursuant to a contract is not liable for the negligent acts, if any, of an independent contractor acting pursuant to the contract. In this case, Shell contends that it hired an independent contractor, Helmerich & Payne, to perform drilling services. If you find that Helmerich & Payne was in independent contactor then Shell is not liable for any negligence, if any, in the manner or mode the work was performed. The exception to this general rule is when the principal retains operational control over the independent contractor's acts or authorizes those acts. In finding whether a principal, such as Shell, exercised operational control, the most important factor is the language of the governing contract, on which party has the right to control the details of the operation.

**D. PREMISES LIABILITY**

Under Louisiana law, the owner or custodian of a premises (a place where someone enters or works) is answerable for vices or defects in the premises only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. In order to recover damages, a plaintiff must prove: (1) the premises were in the defendant's custody and control, (2) the premises contained a defect which presented an unreasonable risk of harm to others, and (3) the defendant knew or should have known of the defect. The claim must fail if the plaintiff fails to prove any one of these elements. Furthermore, not every minor imperfection or irregularity will give rise to liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances.

**E. CONTRIBUTORY NEGLIGENCE**

The defendants contend that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to this alleged injury. This is the defense of contributory negligence. The defendant has the burden of proving that the plaintiff was contributorily negligent. If the plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that the defendants were negligent, and that the negligence was a legal cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of the plaintiff, then you must determine the percentage the plaintiff's contributory negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of contributory negligence that you assign to the plaintiff.

**F. MAINTENANCE AND CURE**

If you find that Plaintiff is a seaman, Plaintiff is entitled to recover Maintenance and Cure. This claim is separate and independent from the Jones Act claim of the plaintiff. You must decide this claim separately from your determination of his Jones Act claim.

Maintenance and cure is a seaman's remedy.

Maintenance and cure provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, the plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work related, it need only occur while the seaman is in the service of the ship. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus. However, the employer does not have a duty to provide cure for any period of time during which a seaman is hospitalized at the employer's expense.

Maintenance is the cost of food and lodging, and transportation to and from a medical facility. A seaman is not entitled to maintenance for that period of time that he is an inpatient in any hospital, because the cure provided by the employer throughout hospitalization includes the food and lodging of the seaman.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable, or that the treatment will only relieve pain but

will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

If you decide that the plaintiff is entitled to maintenance and cure, you must determine when the employer's obligation to pay maintenance began, and when it ends. One factor you may consider in determining when the period ends is the date when the seaman resumed his employment, if he did so. However, if the evidence supports a finding that economic necessity forced the seaman to return to work prior to reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that the plaintiff is entitled to an award of damages under the Jones Act, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period of time. That is because the plaintiff may not recover twice for the same loss of wages or medical expenses. However, the plaintiff may also be entitled to an award of damages for failure to pay maintenance and cure when it was due.

**G. DAMAGES**

If you find that a defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages, what the law calls compensatory damages that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence; physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; past medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of the damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries. Any award that you make should be fair in the light of the evidence.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it. Also, do not consider attorneys' fees in any way in assessing damages, if any.

You may not award damages for any injury or condition from which the plaintiffs may have suffered, or may now be suffering, unless it has been proved by a preponderance of the evidence that the accident proximately or directly caused such injury or condition.

**H. LOSS OF FUTURE EARNINGS**

If you find that the plaintiff is entitled to an award of damages for loss of future earnings,

there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

**I. MEDICAL EXPENSES**

Future medical expenses include the reasonable value of the expense of medication, medical, and nursing care and testing and treatment that the plaintiff will require in the future because of his injuries which were caused by the defendants' wrongful conduct.

**J. PRE-EXISTING/SUBSEQUENT INJURIES**

You will not award any damages for any pain and suffering, loss of earnings or earning capacity, which are a result of prior or subsequent illness, disease or prior bodily infirmity and prior or subsequent conditions to the plaintiff's body. If you find from a preponderance of the evidence such items above are connected with any pre-existing or subsequent disease, injury, infection, aggravation, or bodily infirmity, if any, you may consider the same only to the extent that the plaintiff proves that such pre-existing or subsequent disease, injury, infection or bodily infirmity, if any, have been aggravated by the claimed injury and that such aggravation was caused by the negligence of the defendants, and then you may award only damages to the extent

of such aggravation. Likewise, you are not to award any money damages for any illness, disease, injuries or bodily infirmities suffered by the plaintiff after the date of the claimed injury which the plaintiff has not proven by a preponderance of the evidence to be caused by negligence of the defendants.

**K. MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty to use reasonable diligence to "mitigate" his damages by avoiding or minimizing his damages.

If you find either of the defendants liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny his recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff has acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendants have the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages, if any, because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden of proving the plaintiff's conduct was not reasonable.

Of course, the fact that I have given you instructions regarding damages does not mean that I believe Plaintiff should or should not prevail in this case.

**III. DELIBERATIONS AND COMMUNICATION**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience.

**[EXPLAIN VERDICT]**

You will take the Verdict form to the jury room and when you have reached unanimous agreement as to your Verdict, you will have your Foreperson fill it in, date and sign it, and then notify the Marshal, so that you may be returned to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the Foreperson, and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution

you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time, until you have reached a unanimous verdict.

**DONE** at Galveston, Texas, this the 1st day of August, 2007.

HONORABLE SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE